**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| JAMES ENGLISH, Jr., ) | |
| #14064416, and prior TDCJ # 286221, ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:15-CV- 2084-B-BH |
| ) | |
| NFN DOCTOR, et al., ) | Referred to U.S. Magistrate Judge |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this pro se case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, this case should be summarily **DISMISSED** as barred by the "three-strikes" rule of 28 U.S.C. § 1915(g) unless the plaintiff timely pays the filing fee.

**I.  BACKGROUND**

On June 19, 2015, James English, Jr. (Plaintiff), an inmate at the Dallas County Jail, filed this civil action under 28 U.S.C. § 1983 against an unnamed female doctor, the Sheriff, and Captain King. (doc. 1 at 1, 3-4.)  He complains of the conditions of his confinement and the failure to send him to the hospital for his alleged medical condition. (*Id.* at 3-4.)  Under his prior Texas Department of Criminal Justice identification number, 286221, Plaintiff has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.

**II.  THREE STRIKES**

As a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915.  One of the major changes promulgated by the PLRA is the "three-strikes" provision in § 1915(g).  It provides that inmates may

not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of serious physical injury. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Under his prior Texas Department of Criminal Justice identification number, 286221, Plaintiff has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See English v. Julye, et al.,* No. H-04-2843 (S.D. Tex. July 23, 2004) (citing *English v. Cano, et al.*, No. C-95-CV-374, *English v. Jackson, et al.*, No.C-95-CV-396, *English v. Keene, et al.*, No.C-95-CV-488, and *English v. Collins, et al.*, No. C-95-CV-511); *see also English v. Shubert*, No. H-97-2828 (S.D. Tex. October 15, 1997) (listing cases). Under § 1915(g), he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. Even liberally construing his bare allegations that the smell in his jail cell is making him sick as an allegation of physical injury, Plaintiff has not shown that he is in imminent danger of serious physical injury. He must therefore prepay the filing fee before he may proceed with his case.

### III. RECOMMENDATION

Plaintiff's claims should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless he pays the full $400 filing fee[1] prior to acceptance of this recommendation or before a deadline otherwise established by the Court.

---

[1] As of May 1, 2013, a $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $50 administrative fee will not be deducted. *Id*.

**SIGNED this 22nd day of June, 2015.**

                                                _____
                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

       A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                _____
                                                IRMA CARRILLO RAMIREZ
                                                UNITED STATES MAGISTRATE JUDGE